

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EROS SHAW, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-3174 |
| § | |
| CORNERSTONE HOME LENDING, § | |
| INC., *et. al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines that both pending motions should be granted.

## I. BACKGROUND

This is a case regarding an alleged wrongful foreclosure of real property. *Pro se* Plaintiff Eros Shaw ("Shaw") brings suit against Defendants Cornerstone Home Lending, Inc., Federal Home Loan Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc. (hereinafter "Defendants"). Shaw alleges that Defendants seek to wrongfully foreclose upon his residential home located at 875 Lonestar Road, Huntsville, Texas 77340 ("the Property"). Shaw further alleges that he was not properly notified of the Defendants' attempt to foreclose, rendering the pending foreclosure sale void.

Based on the foregoing, on July 8, 2025, Shaw filed suit, *pro se,* in this Court pursuant to federal question jurisdiction, alleging claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), violations of the Texas Debt Collection Act ("TDCA"), and wrongful foreclosure.[1] Shaw seeks damages in the amount of $5,000,000.00 for "fraud, economic losses, credit impairment, and emotional distress."[2] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On August 14, 2025, Defendants filed a motion to dismiss Shaw's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

---

[1] *See Plaintiff's Complaint,* Document No. 1 at 4–5.

[2] *Plaintiff's Complaint*, Document No. 1 at 6.

[3] *See Defendants' Motion to Dismiss*, Document No. 5 at 1–5.

2

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants move to dismiss Shaw's complaint, contending that Shaw fails to state a claim upon which relief can be granted. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will now consider the merits of each of Shaw's stated claims.

*A. Shaw's First Claim: Violations of the Fair Debt Collection Practices Act*

Shaw first alleges that Defendants violated federal law by: (1) "falsely representing the legal status of the debt and pursuing foreclosure after it was lawfully discharged;" (2) "using unfair and unconscionable means to collect the debt;" and

3

(3) "failing to validate the debt upon demand."[4] Defendants move to dismiss this claim, contending that they are not debt collectors as defined by the FDCPA. Defendants also contend that the activity of foreclosing on property pursuant to a Deed of Trust is not the collection of a debt within the meaning of the FDCPA.

The Fair Debt Collection Practices Act authorizes private lawsuits and weighty fines designed to deter the wayward practices of "debt collector[s]," a term embracing anyone who "regularly collects or attempts to collect ... debts owed or due ... another." 15 U.S.C. § 1692a(6). Under the FDCPA, an entity must attempt to collect debts owed to another in order to qualify as a debt collector. *See Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79 (2017). Put plainly, "[a] company may collect debts that it purchased for its own account ... without triggering the statutory definition in dispute." *Id.* The Supreme Court has made clear that "the statute's plain language seems to focus on third party collection agents regularly collecting for a debt owner — not on a debt owner seeking to collect debts for itself." *Id.*

Here, a review of the record reveals that Defendants are the holders of the Note and Deed of Trust securing the Property, and seek to collect Shaw's debt for themselves, not on behalf of another entity. Shaw fails to offer a rebuttal on this point. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Having considered the Supreme Court's clear

---

[4] *Plaintiff's Complaint*, Document No. 1 at 5.

4

guidance regarding how the FDCPA implicates debt collectors, and the evidence in the record regarding Defendants debt collection practices, the Court determines that Shaw's claim for violations of the FDCPA should be dismissed. The Court will now consider Shaw's claim concerning the TDCA

*B. Shaw's Second Claim: Violations of the Texas Debt Collection Act*

Shaw alleges that Defendants violated the TDCA "by misrepresenting the character and legal status of the debt."[5] Shaw further alleges that "Defendants engaged in fraudulent coercive, and threatening conduct after lawful tender and discharge of the obligation."[6] Defendants contend that Shaw fails to do anything more than recite the statutory content, offering no supporting factual allegation of any violation on the part of any of the Defendants. In response, Shaw contends that he has adequately pled that "Defendants attempted to enforce a debt and seek possession based on a void foreclosure deed."[7]

The Fifth Circuit has made clear that "[w]here the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't Hous. & Urban Dev.*, 554 F.3d 525, 528–29 (5th Cir. 2008). A review of the

---

[5] *Plaintiff's Complaint*, Document No. 1 at 5.

[6] *Plaintiff's Complaint*, Document No. 1 at 5.

[7] *Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 8 at 3.

complaint in this matter reveals that Shaw merely restates the content of the Texas Financial Code 392.304§(a)(8), failing to plead any legal or factual grounds for his allegation against Defendants. Accordingly, the Court finds that Shaw's claim for alleged violations of the TDCA should be dismissed. The Court will now consider Shaw's last remaining claim for wrongful foreclosure.

*C. Shaw's Third Claim: Wrongful Foreclosure*

Shaw alleges that "Defendants lacked standing to foreclose because neither held the note or had authority to act as beneficiary."[8] Defendants contend that Shaw fails to assert any factual basis for the claim of wrongful foreclosure, failing to provide the necessary specificity to meet the pleading standard required under Federal Rule of Civil Procedure 12.

When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Under Texas law, a claim for wrongful foreclosure generally requires: (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139

---

[8] *Plaintiff's Complaint*, Document No. 1 at 5.

6

(Tex. App. – Corpus Christi 2008, no pet.)). Texas does not recognize a claim for attempted wrongful foreclosure. *James v. Wells Fargo Bank*, N.A., 533 F. App'x 444, 447 (5th Cir. 2013).

Here, Defendants contend that Shaw merely state that the Deed of Trust for the Property has been cancelled and reconveyed, yet provide no facts as to that point. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing the complaint liberally, the Court finds the facts given fail to fulfill the required pleading standards. Given the Supreme Court's guidance that a Plaintiff must provide enough facts to state a claim to relief that is plausible on its face, and the Fifth Circuit's guidance that attempted wrongful foreclosure is not a proper cause of action, the Court finds that Shaw's wrongful foreclosure claim should be dismissed.

Even construing the complaint liberally, the Court finds that Shaw states no plausible claim upon which relief can be granted. Accordingly, the Court determines that the motion to dismiss should be granted, and Shaw's claims against the defendants in this matter should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Document No. 5) is **GRANTED**. The Court further

7

**ORDERS** that Plaintiff Eros Shaw's claims against the Defendants in this matter are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __25__ day of September, 2025.

_____
DAVID HITTNER
United States District Judge